# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONNA L. SUNDSETH, on behalf of MARLO L. SUNDSETH (Deceased),<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C09-387-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Donna Sundseth, on behalf of her deceased husband plaintiff Marlo Sundseth, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") under Titles II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

At the time of the decision by the ALJ, Marlo Sundseth was a forty-year-old man with a high school education. Administrative Record ("AR") at 29. His past work experience included employment as an administrative assistant in the United States Navy. In November 2002, he suffered a myocardial infarction and underwent coronary artery bypass grafting for

REPORT AND RECOMMENDATION - 1

coronary artery disease with extreme unstable angina. AR at 18. Plaintiff was medically discharged from the Navy, and this was his last gainful employment. AR at 17. On June 10, 2004, plaintiff filed a claim for DIB, alleging an onset date of November 7, 2002. AR at 15. Plaintiff asserts that he is disabled due to heart disease, degenerative disc disease, major depressive disorder, and obsessive-compulsive disorder. AR at 17.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 15. Plaintiff requested a hearing which took place on April 26, 2007. AR at 404-34. On August 30, 2007, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-30. On September 17, 2008, Marlo Sundseth was admitted to Madigan Army Medical Center where he died from atherosclerotic cardiovascular disease on October 30, 2008. AR at 402-03, Dkt. No. 11 at 10.

On January 9, 2009, Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 4-7, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff Donna Sundseth, as personal representative of Marlo Sundseth timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Mr. Sundseth bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the

national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true,

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On August 30, 2007, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since November 7, 2002, the alleged onset date.

3. The claimant has the following severe impairments: ischemic heart disease, degenerative disc disease, major depressive disorder, and obsessive-compulsive disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work with frequent ramp/stair climbing, balancing, kneeling, and crawling; and occasional climbing of ladders, ramps, or scaffolds, stooping, and crouching. He should avoid working around extreme cold, hazardous machinery, or heights. The claimant has the mental capacity to: adequately perform the mental activities generally required by competitive, remunerative, unskilled and semi-skilled work as follows: The claimant can understand, carry out and remember simple and detailed instructions compatible with unskilled and semi-skilled work; the average ability to perform sustained work activities (i.e., can maintain attention and concentration, persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day for five days a week, or an equivalent work schedule) within customary tolerances of employers' rules regarding sick leave and absence. The claimant can make judgments commensurate with the functions of unskilled and semi-skilled work, i.e., simple and complex work-related decisions; respond appropriately to supervision,

co-workers, and work situations; and deal with changes all within a routine work setting not dealing with the general public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on ▮▮▮▮, 1967[2] and was 30 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2002 through the date of this decision.

AR at 17-30.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ properly evaluate plaintiff's VA disability rating?

2. Did the ALJ ask a complete hypothetical to the Vocational Expert ("VE") at the Administrative Hearing?

3. Should this Court award benefits to plaintiff?

Dkt. No. 11 at 12, 17, 19.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

## VII. DISCUSSION

### A. The ALJ Did Not Properly Evaluate Plaintiff's VA Ratings

In 2002, while working for the U.S. Navy, plaintiff suffered a severe heart attack. In response, he was determined to be unfit for active duty, effective May 15, 2003. AR at 59, 159-60. He then received two Department of Veterans Affairs ("VA") disability rating decisions. Both had an effective date the day after his discharge. On November 3, 2003, plaintiff was rated 60% disabled for status post coronary artery bypass cardiomegaly; 20% disabled for degenerative disc disease with retrolisthesis of L5-S1; 20% disabled for right sciatic radiculopathy and right leg numbness/paralysis of anterior tibial nerve; 10% disabled for hypertension. AR at 152-53. On July 17, 2004, the VA determined plaintiff was entitled to individual unemployability effective May 16, 2003. AR at 148-51.

The ALJ reviewed the VA ratings, but discounted them, stating that the VA decisions showed limited evidence regarding plaintiff's functional capacity, limited consideration of vocational factors, and medical evidence apart from the VA ratings. AR at 28.

In *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), the court held that an ALJ "must ordinarily give great weight to a VA determination of disability." The court noted generally that there were substantial similarities between the two programs, and that the VA disability criteria translate easily into the Social Security disability framework. However, "[b]ecause the VA and SSA criteria for determining disability are not identical, …the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, and valid reasons for doing so that are supported by the record." *Id.* The issue before the court is whether the reasons offered by the ALJ to discount the VA ratings were persuasive, specific and valid and supported by the record. Here they were not, and the failure to comply with *McCartey* requires remand.

### 1. The VA Ratings Were Not Based on Limited Evidence of Functional Capacity

The ALJ concluded that the VA rating should be discounted because the medical reports relied upon did not test plaintiff's functioning but rather recorded his complaints. AR at 28. The November, 2003 VA rating (AR 152-58) lists the medical records considered. These medical reports were identified as: (1) service medical records dated from August 1984 through April 2003; (2) medical records from Bakersfield Heart Hospital from November 2002 through December 2002; (3) medical treatment records from Ridgecrest Regional Hospital dated April 2002 through July 2003; (4) medical treatment records from California Cardiac Surgeon date November 2002 through December 2002; (5) VA forms 21-4138 statement in support of claim dated July 21, 2003 and August 22, 2003; and (6) VA examination done by QTC, dated August 11, 2003.

With the possible exception of the VA form 21-4138, *none* of these records can be fairly categorized as a mere recordation of plaintiff's complaints. The ALJ's first reason for discounting the VA's rating is not persuasive, specific or valid and is certainly not supported by the record.

### 2. The Conclusion Offered by the ALJ to Discount VA Ratings Regarding Unemployability Does Not Amount to Persuasive, Specific or Valid Reasons to Discount the VA Rating

In the July 17, 2004 VA individual unemployability rating, plaintiff was determined to be unemployable due to service-connected disabilities. AR at 148-51. The factors influencing the decision were education limited to high school graduation and his service connected physical disabilities including coronary artery disease, lumbar disc disease, right lumbar radiculopathy and hypertension. AR at 149. The ALJ discounted the report without any substantive analysis. A conclusion, sitting by itself, is not a persuasive, specific or valid reason to reject the VA rating.

REPORT AND RECOMMENDATION - 8

### 3. Review of Additional Evidence

As noted above, because the VA ratings themselves are not binding on the SSA, the ALJ can discount a VA rating if the ALJ provides persuasive, specific or valid reasons, supported by the record, to do so. Here, it is simply not clear from the opinion what VA evidence the ALJ accepted or rejected, and the evidence the ALJ was relying upon to support any rejection. Because this was not set forth, the case must be remanded.

### 4. Remand for Further Proceedings is Warranted

Marlo Sundseth is now dead, having passed away from atherosclerotic cardiovascular disease on October 30, 2008. This raises obvious questions, using the benefit of hindsight, about the value of the State agency medical reports so heavily relied upon by the ALJ. Moreover, this claim is old. At first blush, it seems difficult to see what would be gained by a remand for further proceedings rather than remand for an award of benefits. Nevertheless, this matter will be remanded for further proceedings rather than remanding for benefits. Although the ALJ failed to provide legally sufficient grounds to reject the plaintiff's VA rating medical evidence, it is possible that there are outstanding issues that must be resolved at the administrative level before benefits could be properly awarded. On remand, the ALJ is also directed to re-evaluate the plaintiff's mental limitations in light of the complete reports of Dr. Parrish, and to pose a hypothetical to a Vocational Expert that is consistent with the limitations set out in his reports.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's Order. A proposed order accompanies this Report and Recommendation.

DATED this 19th day of January, 2010.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9